## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SPORT SQUAD, INC. D/B/A JOOLA, )<br><br>Plaintiff, )<br><br>v. )<br><br>VOLAIR C CORP., INC. )<br><br>Defendant. ) | C.A. No. _____<br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Sport Squad, Inc. D/B/A JOOLA ("Plaintiff" or "JOOLA") by and through its undersigned counsel, files this Complaint for Patent Infringement against Defendant Volair C Corp., Inc. ("Volair") and alleges on knowledge as to its actions, and upon knowledge and information and belief as to the actions of others, as follows:

### NATURE OF THE ACTION

1. This action arises under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq.*, from Volair's infringement of U.S. Patent No. 12,465,826 (the "'826 Patent" or the "Asserted Patent").

### PARTIES

2. Plaintiff Sport Squad, Inc. d/b/a JOOLA is a corporation organized under the laws of Maryland with its principal operating business located at 915 Meeting Street, North Bethesda, Maryland 20852.

3. Defendant Volair C Corp., Inc. is a corporation incorporated under the laws of Delaware with its principal place of business at 3005 South Lamar Blvd., Suite 109D, Austin,

Texas 78704 and maintains as its registered agent Resident Agents, Inc. located at 8 The Green, Dover, Delaware 19901.

4.      On information and belief, Volair manufactures, imports, offers for sale, and sells pickleball paddles to resellers, distributors, and consumers throughout the United States, including in this District.

## JURISDICTION AND VENUE

5.      Subject matter jurisdiction is proper in this Court under 28 U.S.C. §§ 1331 and 1338(a) because the claims arise under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*

6.      This Court has personal jurisdiction over Volair insofar as Volair is incorporated in this State.

7.      On information and belief, Volair engages in other persistent courses of conduct and derives substantial revenue from products or services and continuous contacts within this District, has purposefully established substantial, systematic, and continuous contacts within this District, and should reasonably expect to be sued in a court in this District.

8.      On information and belief, Volair regularly transacts business within this District.

9.      The Court's exercise of jurisdiction over Volair will not offend traditional notions of fair play and substantial justice.

10.      Venue in this District is proper is proper pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400(b).

## FACTUAL BACKGROUND

11.      On November 11, 2025, the U.S. Patent and Trademark Office ("USPTO") duly and legally issued the '826 Patent, entitled "Game Paddle."  A true and correct copy of the '826 Patent is attached as **Exhibit 1**.

12.     The '826 Patent describes a solid sports paddle, such as a pickleball paddle, and methods of manufacturing it with internal structures designed to affect the paddle's feel and performance during play.  The technology described in the '826 Patent is implemented in infringing pickleball paddles including, but not limited to, the Volair Shift Paddle ("Accused Product").

13.     Volair has infringed and continues to infringe the '826 Patent by making, using, selling, offering to sell, or importing products including, but not limited to, the Volair Shift Paddle.

14.     Throughout its infringement, Volair has had actual knowledge of JOOLA's '826 Patent and of Volair's infringement of the '826 Patent.

## COUNT I—INFRINGEMENT OF THE '826 PATENT

15.     JOOLA realleges and incorporates by reference each of its allegations in paragraphs 1-14 of this Complaint.

16.     JOOLA has not licensed or otherwise authorized Volair to make, use, offer for sale, sell, or import any products that embody the inventions of the '826 Patent.

17.     As shown in the attached non-limiting claim chart (**Exhibit 2**), by making, using (at least by testing), selling, offering for sale, and/or importing the Accused Product in this Judicial District and throughout the United States without license or authorization, Volair is now and has been directly infringing at least claim 1 of the '826 Patent, either literally or under the doctrine of equivalents, as proscribed by 35 U.S.C. § 271, *et seq.*

18.     Exhibit 2 is intended solely to satisfy the notice requirements of Federal Rule of Civil Procedure 8(a)(2), and does not represent JOOLA's preliminary or final infringement contentions or preliminary or final claim construction positions.  JOOLA reserves the right to modify its infringement theories reflected in Exhibit 2 as discovery progresses in this case,

3

including through contentions disclosures and claim construction in accordance with the Patent Local Rules in this District.

19.     As a direct and proximate result of Volair's direct infringement of the '826 Patent, JOOLA has been and continues to be damaged.  Volair's infringing activities will continue unless enjoined by this Court or until the patent expires, whichever is sooner.

20.     By engaging in the conduct described herein, Volair has injured JOOLA and is thus liable for infringement of the '826 Patent, pursuant to 35 U.S.C. § 271.

21.     Volair has committed and continues to commit acts of infringement that Volair actually knew or should have known constituted an unjustifiably high risk of infringement of at least one valid and enforceable claim of the '826 Patent.  Volair's direct infringement of the '826 Patent has been and continues to be willful, intentional, deliberate, or in conscious disregard of rights under the patent.  JOOLA is entitled to an award of treble damages, reasonable attorney fees, and costs in bringing this action.

## JURY DEMAND

22.     Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury on all issues triable of right by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully request that this Court hereby enter judgment against Defendant and provide relief as follows:

A.  Entry of judgment declaring that Volair has infringed one or more claims of the '826 Patent;

B.  Entry of judgment declaring that Volair's infringement of the '826 Patent has been willful and deliberate;

C.  An order pursuant to 35 U.S.C. § 283 permanently enjoining Volair, their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them, from further acts of infringement of the '826 Patent;

D.  An order awarding damages sufficient to compensate JOOLA for Volair's infringement of the '826 Patent, but in no event less than a reasonable royalty, together with interest and costs;

E.  An order awarding JOOLA treble damages under 35 U.S.C. § 284 as a result of Volair's willful and deliberate infringement of the '826 Patent;

F.  Entry of judgment declaring that this case is exceptional and awarding JOOLA its costs and reasonable attorney fees under 35 U.S.C. § 285; and

G.      Such other and further relief as this Court may deem just and proper.


Dated: April 9, 2026

/s/ *Steven L. Caponi*
Steven L. Caponi (No. 3484)
steven.caponi@klgates.com
Matthew B. Goeller (No. 6283)
matthew.goeller@klgates.com
K&L Gates LLP
600 N. King St. Suite 901
Wilmington, Delaware 19801
Telephone: (302) 416-7080


*Attorneys for Plaintiff Sport Squad, Inc. D/B/A JOOLA*